UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN DEBOUVER, | ) | Case No. CV 18-935 DOC(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| WARDEN, | ) | |
| Respondent. | ) | |

On January 26, 2018, petitioner, a California state prisoner proceeding *pro se*, mailed a letter to the Court which, construed liberally, seeks an extension of time to file a federal petition for writ of habeas corpus challenging a conviction in Los Angeles County Superior Court Case No. BA420698 ("Extension Request").[1] For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States National Bank of Oregon v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of

---

[1]The Extension Request was received by the Clerk on January 29, 2018, and was formally filed on February 6, 2018.

the United States Constitution restricts adjudication in federal courts to cases and controversies). A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed. Johnson, 851 F.2d at 235.

A federal court lacks jurisdiction to grant an extension to file a petition for writ of habeas corpus unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution. See Thomas v. Ochoa, 2013 WL 610772, *2 (C.D. Cal. Feb. 15, 2013) (Court lacks jurisdiction to address petitioner's request for extension of time to file federal petition for writ of habeas corpus in the absence of the actual filing of such a petition because Constitution's "case or controversy" requirement precludes granting request for such an advisory opinion); Ford v. Warden, 2008 WL 2676842, *1 (C.D. Cal. July 7, 2008) (dismissing without prejudice request for extension of time to file habeas corpus petition because without an actual petition, there was no "case or controversy" as required by the Constitution); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); Calderon v. Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); see also United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Here, because petitioner has not actually filed a federal petition for writ of habeas corpus, there is no action or proceeding pending and no case or controversy to be heard. If petitioner actually files a petition for writ of habeas corpus, then the Court may entertain an argument that such a petition is, or should be deemed,

timely. Unless and until petitioner does so, however, this Court lacks jurisdiction to consider petitioner's Extension Request.

For the foregoing reasons, IT IS HEREBY ORDERED that this case is dismissed without prejudice.

IT IS SO ORDERED.

DATED: February 22, 2018

*David O. Carter*

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE